Per Curiam.

The objection made by the defendant is, that this action, being trespass quare clausum fregit, is local, and therefore not cognizable by a justice of the peace for the county of Essex. Such an action is local at common law, but the question is whether it has not become transitory under our statutes, so far as regards the jurisdiction of a justice of the peace, and the case of Sumner v. Finegan is decisive on this point. There the action was brought in the county of Middlesex, where the defendant lived, for an injury done to real estate in the county of Suffolk. It is attempted to distinguish that case from the one before us, because there the defendant did not live in the county in which the injury was done, and so there might be a failure of justice, unless he could be sued before a justice of the peace in some other county. And it is true that the Court make use of that argument; but we think the reasoti,ng in the case shows that our statutes have taken away the locality of actions in which the damages demanded do not ex *516 ceed twenty dollars. If the statutes had said that a justice of the peace, in his county, shall have authority to hear and determine all trespasses &c. “happening within the county,” the decision in Sumner v. Finegan would not be correct. A mere failure of justice would not be a sufficient grojnd for construing the statutes against their clear meaning, so as to give a court jurisdiction. The proper mode of proceeding would be to apply to the legislature for a remedy. It is only where the construction is doubtful, that the argument from a failure of justice applies. Here it is manifestly the intention of the St. 1797, c. 21, § 1, as modified by the St. 1807, c. 123, that a justice of the peace shall have jurisdiction in all actions wherein the damages demanded do not exceed twenty dollars and the title to real estate does not come in question.[1]
It was objected, that if a title to the real estate had been pleaded by the defendant, and the action had thereupon been entered, pursuant to St. 1783, c. 42, § 2, in the Court of Common Pleas to be held within the county of Essex, that court could not have taken cognizance of it, having no jurisdiction over a trespass to land in the county of Middlesex; and so the absurdity would arise, of an appellate court having a more limited jurisdiction in the matter of the appeal, than the court from which the appeal is made. If this were so, it would constitute a serious objection, for then the defendant in an action of trespass might always oust the justice of the peace of his jurisdiction, by a plea of title ; but we think, that the action being no longer local, might, upon such a plea, be carried into the Court of Common Pleas for the county in which it was commenced, and that that court might take cognizance of it.
We are therefore of opinion, that the case under consideration comes within the same principle as that of Sumner v. Finegan, and that the judgment of the Court of Common Pleas was erroneous. That judgment consequently must te reversed, and judgment be entered for the plaintiff upon the verdict.[2] 8

 See Revised Stat. c. 85, § 1.

 Morton v. Chase, 15 Maine R. (3 Shepley,) 188. Fillebrown v. Webber, 14 Maine R. (2 Shepley,) 442.